Nos. 10-5790/6368

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| WILLIAM DAVID BURNSIDE, ) | |
| ) | **FILED** |
| Plaintiff-Appellant, ) | Apr 22, 2011 |
| ) | LEONARD GREEN, Clerk |
| v. ) | O R D E R |
| ) | |
| T. WALTERS; HICKS; MONTGOMERY; ) | |
| CYNTHIA MAGELLON PULJIC; YMCA ) | |
| OF MEMPHIS & MID-SOUTH, A Domestic ) | |
| Tennessee Corporation, ) | |
| ) | |
| Defendants-Appellees. ) | |

William David Burnside, an Arkansas resident proceeding pro se, appeals a district court order and judgment dismissing his civil rights case filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and the district court's order denying his motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The district court denied Burnside permission to proceed in forma pauperis on appeal. Burnside now moves our court for permission to proceed in forma pauperis on appeal, pursuant to Federal Rule of Appellate Procedure 24(a)(5).

Burnside filed a civil rights complaint under 42 U.S.C. §§ 1983, 1985 and 1986 against three Memphis police officers, Executive Director of the Alfred D. Mason YMCA Cynthia Magellon Puljic, and the YMCA of Memphis & Mid-South, as well as numerous Doe defendants, alleging that the defendants provided false or misleading information leading to Burnside's warrantless arrest and failed to intervene to prevent the arrest. The district court granted Burnside's motion to proceed in forma pauperis, but sua sponte dismissed his complaint for failure to state a claim upon which relief could be granted.

After he appealed the district court's order dismissing his case, Burnside filed a motion for relief from judgment under Rule 60(b), which the district court denied. Burnside then appealed from that order. The district court denied leave to proceed on appeal in forma pauperis as to each case.

Burnside's motions to proceed in forma pauperis on appeal are denied because an appeal in each case would be frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Regarding his first case, Burnside does not state a claim under §§ 1983, 1985, or 1986. Burnside does not state a claim under § 1983 because he fails to allege that any defendant acted under color of state law, identify which constitutional rights the defendants allegedly violated, or specify which defendant engaged in what conduct that violated which particular constitutional right. *See Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). And assuming Burnside intends to bring an action under § 1985(3), there is no allegation that there was a conspiracy "motivated by racial, or other class-based, invidiously discriminatory animus," *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999), and "[w]here a plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986." *Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990).

As to his second case, Burnside's notice appealing dismissal of his complaint divested the district court of jurisdiction to rule upon his motion for relief from judgment so appeal of that decision would be frivolous. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007).

Burnside is directed to pay the $455 appellate filing fee in full with the district court within 30 days of the filing date of this order, or his appeals will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Clerk