Nos. 10-5790/6368

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Nov 14, 2011**

LEONARD GREEN, Clerk

WILLIAM DAVID BURNSIDE,                        )
                                               )
    Plaintiff-Appellant,                       )
                                               )
v.                                             )        O R D E R
                                               )
T. WALTERS; HICKS; MONTGOMERY;                 )
CYNTHIA MAGELLON PULJIC; YMCA                  )
OF MEMPHIS & MID-SOUTH, A Domestic             )
Tennessee Corporation.                         )
                                               )
    Defendants-Appellees.                      )

Before:  MERRITT, KETHLEDGE, and WHITE, Circuit Judges.


William David Burnside, a Tennessee resident proceeding through counsel, petitions for rehearing of this court's April 22, 2011, order denying his motion to appeal in forma pauperis. The motion arose in conjunction with Burnside's appeal of two orders of the district court:  the sua sponte dismissal of Burnside's in-forma-pauperis complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); and the denial of his motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

Burnside first asserts that this court erred in finding that the district court had no jurisdiction to rule upon his Rule 60(b) motion. Burnside is correct that the district court did have jurisdiction to rule on his Rule 60(b) motion pursuant to Federal Rule of Civil Procedure 62.1. But the district court did not err in denying that motion on the merits. Burnside's Rule 60(b) appeal is frivolous.

By contrast, Burnside presents a non-frivolous argument that *Jones v. Bock*, 549 U.S. 199, 214 (2007), required the district court to freely give him the opportunity to amend his complaint, the same opportunity enjoyed by fee-paying plaintiffs. *See* Fed. R. Civ. P. 15(a)(2); *Jones*, 549 U.S. at 214 ("We think that the PLRA's screening requirement does not—explicitly or implicitly—justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself").

Although this court has previously held that district courts have no discretion to permit a pauper-plaintiff to amend his complaint to avoid dismissal pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), *see McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1999), *abrogated on other grounds by Jones*, 549 U.S. at 213–15, we have since suggested in an unpublished case that *McGore*'s restriction on amendment does not apply in cases that do not challenge prison conditions. *See Garrett v. Belmont County Sheriff's Dept.*, 374 F. App'x 612, 614 (6th Cir. 2010) (citing *Jones* and stating that "[b]ecause this Court finds that the Plaintiff's allegations once liberally construed are best interpreted as falling outside the scope of the PLRA, our Circuit's limitation on the authority to grant leave to amend" does not apply). Because this court's prior order did not address Burnside's argument that the district court erroneously denied his right to amend his complaint, reconsideration is appropriate. *See* Fed. R. App. P. 40(a). And because Burnside has made the requisite showing of poverty, he is entitled to appeal in forma pauperis. *See* 28 U.S.C. § 1915(a)(1); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (a motion to appeal in forma pauperis will be granted where the court is satisfied that the appeal raises non-frivolous issues).

Accordingly, Burnside's motion for reconsideration is granted. His motion to appeal in forma pauperis is also granted. The Clerk is directed to establish a briefing schedule.


ENTERED BY ORDER OF THE COURT



Clerk